**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Brian Kerzetski,

Plaintiff(s),

v.

Jeremy Bean, et al.,

Defendant(s).

Case No. 2:25-cv-00140-RFB-NJK

**ORDER**

This is a prisoner civil rights case in which the Nevada Attorney General's Office has refused to accept service on behalf of the Governor and the Secretary of State, who are named defendants. Docket No. 21. Upon further inquiry by the Court, the Nevada Attorney General's Office doubles down with formalistic arguments divorced from reality and from its obligation to proceed in a manner that advances the just, speedy, and inexpensive resolution of this case. *See* Fed. R. Civ. P. 1; *see also* Fed. R. Civ. P. 4(d)(1).[1] At bottom, however, the Nevada Attorney

[1] For starters, the Nevada Attorney General's Office response rests almost exclusively on the fact that it is a plaintiff's responsibility to effectuate service. Docket No. 27 (citing, *inter alia*, Fed. R. Civ. P. 4(c)(1)). While that proposition is generally correct, it does not obviate the defense's own obligation to proceed in a manner that avoids unnecessary cost and delay. Moreover and significantly, the Nevada Attorney General's Office's response fails to recognize that a few lines later in the governing rules the responsibility for service is in cases like this one shifted to the federal government:

> *By a Marshal or Someone Specially Appointed.* At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . .

Fed. R. Civ. P. 4(c)(3). Hence, the reality of the situation is that the Nevada Attorney General's Office insists that the federal government expend scarce resources sending a busy deputy marshal to a state capitol building in Carson City to effectuate service on the Governor and Secretary of State despite the fact that the Nevada Attorney General's Office has an aligned interest in defending this case, will presumably represent them in this case, and already has full notice of this lawsuit. The Nevada Attorney General's Office fails to elaborate on why this expenditure of resources is warranted for service that appears to have no practical effect.

General's Office represents that—despite a history and practice to the contrary—it now lacks the authority to accept service on behalf of the Governor or the Secretary of State. Docket No. 27-1. In an effort to move this case forward, the Court will order service through the United States Marshals Service. *See* Fed. R. Civ. P. 4(c)(3).[2]

The U.S. Marshal shall serve Defendants Joseph Lombardo and Francisco Aguilar. The Court therefore **ORDERS** as follows:

- The Clerk's Office is instructed to send Plaintiff two blank copies of the USM-285 form.
- Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required USM-285 form (with the addresses for Defendants Joseph Lombardo and Francisco Aguilar omitted).[3]
- The Clerk's Office shall issue summonses to Defendants Joseph Lombardo and Francisco Aguilar under seal, and deliver the summonses and the amended complaint (Docket No. 10) to the U.S. Marshal for service.
- Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice identifying whether Defendants Joseph Lombardo and Francisco Aguilar were served. If service was unsuccessful and Plaintiff wishes to have service attempted again, a motion must be filed identifying the unserved defendant and specifying a detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

---

[2] While the Court is indulging the request for traditional service, it is not suggesting that this strategy will otherwise be without consequence in this case. *See, e.g.*, *Gilbert v. Zurich Life Ins. Co. of Am.*, 2006 WL 8442041, at *5 (D. Nev. Jan. 4, 2006) (denying motion for second deposition brought by "new" defendant represented by the same counsel already litigating the case). In addition, while the Court declines to advance deeper into this rabbit hole in the circumstances of this case, it may take a different course in future cases as the circumstances may so warrant.

[3] There appears to be no point in secrecy as to official government addresses. To avoid further delay caused by the failure to accept service, however, the Court will proceed with service now in the traditional manner. Nonetheless, the Nevada Attorney General's Office must show cause why these addresses should not be unsealed.

- The addresses for Defendants Joseph Lombardo and Francisco Aguilar must remain sealed at this time and will not be provided to Plaintiff. Nonetheless, the Nevada Attorney General's Office is **ORDERED** to show cause in writing, no later than August 7, 2026, why the notice of last known addresses (Docket No. 20) should not be unsealed given that it lists publicly-available information for service at a government building.

IT IS SO ORDERED.

Dated: July 24, 2026

Nancy J. Koppe
United States Magistrate Judge